# CHARLESTON.

STATE *ex rel.* G. C. HEDRICK v. JOHN C. BOND, AUDITOR.

Submitted October 31, 1922.   Decided November 1, 1922.
Opinion Filed November 14, 1922.

TAXATION—*County Court May Correct Assessors' Books so as to Make the Valuation Correspond With Actual Assessment.*

Under the provisions of section 132a of chapter 29 of the Code, giving the county court authority to correct mistakes, clerical errors, and all other errors made by the assessor in the land and personal property books, except the fixing of valuations, said court upon determining, upon an inquiry properly made, that the valuation shown upon the assessor's books is not the the valuation at which the land was actually assessed, has power to enter an order correcting such books so as to make the valuation thereon correspond with the actual assessment. This is not fixing the valuation, but is simply making the record show the valuation theretofore fixed by the proper authority.

Mandamus by the State, on the relation of G. C. Hedrick, against John C. Bond, Auditor.

*Writ awarded.*

*A. A. Lilly,* for relator.

*E. T. England,* Attorney General, and *Charles Ritchie,* Assistant Attorney General, for respondent.

RITZ, JUDGE:

By this proceeding the relator seeks by mandamus to compel the respondent to accept a certain sum, which he claims is all that he owes, for the redemption of a certain tract of land belonging to the relator, delinquent for the nonpayment of the taxes thereon for the year 1920.

The petition represents that the relator is the owner of a tract of about 16 acres of land lying in Putnam county; that for the year 1919 the same was assessed at fourteen hundred dollars, which is the true and actual value thereof; that he discovered, when he went to pay his taxes for the year 1920, that said land was placed on the land books at the valuation of forty-nine thousand, five hundred dollars, several times the actual value thereof. This fact was not discovered by him until after the Board of Review and Equalization had concluded its sittings for that year. The relator alleges that upon making this discovery he gave notice to the prosecuting attorney of Putnam county that he would apply to the county court to have said assessment corrected, on the ground that there was a mistake caused by a clerical or other error. The county court heard the motion to correct the assessment and ascertained that it was a mistake, and that the land was never really assessed for any such sum; that the assessment really placed thereon was fourteen hundred dollars, and entered an order showing these facts, and directing the correction of such assessment accordingly. A copy of this order was certified to the auditor of the state, and to the sheriff and the assessor of Putnam county, as required by law. For some reason, which does not appear, the sheriff and the assessor refused to correct their books in accordance with the county court's order, and the sheriff declined to permit the relator to pay the taxes on the basis of the corrected assessment, and returned the land delinquent for the nonpayment of the taxes, and this delinquency was certified to the auditor. Relator then applied to the auditor to redeem said land from said delinquency, and offered to pay the amount properly chargeable upon the basis of the corrected assessment, but the auditor, not being advised as to his authority to accept redemption upon such terms, refused to do so, and this proceeding was instituted to compel him to accept the amount of taxes chargeable against the land upon the basis of the corrected assessment, and to permit the same to be redeemed from said delinquency upon payment of said sum.

That the county court has authority to correct mistakes, clerical errors, and all other errors made by the assessor in the land or personal property books, is quite clear. This is expressly provided by section 132a of chapter 29 of the Code. Under the provisions of that section, however, the county court has no authority to fix the valuations, and no doubt it was upon this ground that the assessor and the sheriff of Putnam county declined to recognize the county court's order as proper authority to change the record of said assessment in their respective offices.

The only question presented here is, does it appear that the correction of this error involved the fixing of any valuation? The county court in its order recites that it found that there was a clerical error made by the assessor by which his books showed that the relator's land was of the value of forty-nine thousand, five hundred dollars, when but for such clerical error said books would have shown the value to be fourteen hundred dollars. The county court did not purport to fix any value upon the land. All that it undertook to do was to determine whether or not the record in the assessor's office showed the value of the land as it had been ascertained for assessment. It is quite true that if the assessor and the Board of Review and Equalization had as a matter of fact fixed the value of this land at forty-nine thousand, five hundred dollars, then the county court would have no jurisdiction to change it. There would be no mistake in the books. But in this case all that the county court did was to determine whether or not the value as shown on the books correctly represented the assessment which was actually made. This was what it had jurisdiction to do, and we cannot assume that it did anything else, in the absence of a showing to the contrary. Having ascertained that this land had been valued at fourteen hundred dollars for the purpose of taxation, and that the assessor's books showed the value to be forty-nine thousand, five hundred dollars, the court very properly concluded that the assessor, or someone in his office, had made an error in entering the valuation upon the books, and this is just the kind of an error that the court has authority to

correct. We are clearly of the opinion that the assessor and the sheriff of Putnam county should have corrected their books in accordance with the direction of the county court's order, and that the auditor should permit the relator to redeem the land on the payment of the taxes properly chargeable against the same, upon the basis of the corrected valuation.

The writ prayed for will, therefore, be awarded.

*Writ awarded.*